**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE CARLOS NAJARRO NG, | No. 07-71653 |
| Petitioner, | Agency No. A072-512-320 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010[**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Jose Carlos Najarro Ng, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KV/Research

withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo constitutional claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Ng failed to establish the threats his mother received in the Philippines amounted to past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (threats alone only constitute past persecution when they are so menacing as to cause actual suffering or harm). Substantial evidence supports the BIA's conclusion that Ng did not demonstrate a well-founded fear of future persecution because he did not show his fear was objectively reasonable. *See Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009). Accordingly, Ng's asylum claim fails.

Because Ng failed to meet the lower burden of proof for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the BIA's denial of CAT relief because Ng failed to establish it is more likely than not he will be tortured if returned to the Philippines. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Finally, with respect to cancellation of removal, Ng claims the agency failed to consider certain evidence in assessing hardship. We lack jurisdiction to review this because it is not a colorable due process claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**